## LORETTA HART, APPELLANT, v. HEALON HAZARD, RESPONDENT.

*Evidence — when a reduction in the rent reserved by a lease under seal can be proved by unsealed indorsements thereon.*

APPEAL from a judgment, entered upon the report of a referee in Oswego county, dismissing the plaintiff's complaint. The action was brought to recover the amount due on a promissory note, and also to recover the rent of a farm.

On January 22, 1877, the plaintiff's assignor and the defendant executed a sealed lease by which, in consideration of $660, rent to be paid, it was agreed that the defendant should occupy a farm belonging to the assignor of the plaintiff. The lease provided, among other things, that "the terms of this lease shall be for two, three or five years, from the 1st day of April, 1877, *as the parties may elect.*"

The defendant went into possession, and occupied for one year under the lease. No question is made here as to his liability to pay $660 for that year. The lessor and lessee on January 4, 1878, executed upon the lease the following instrument, viz. :

"PHŒNIX, *January* 4, 1878.

"For value received in continuance of this farm lease (and fulfillment of same), I do hereby indorse on the same one hundred dollars,

to apply on the two first installments (fifty on each) that shall become due in 1878.

"(Signed.)          "A. P. HART,

"HEALON HAZARD."

Following that is the indorsement on the lease, viz.: "The reduction on lease to be the same for year 1879 as in 1878." Signed, A. P. H.

Following that is another indorsement, viz.: "The above reduction on lease to be the same for year 1880 as in 1878 and 1879."

Following that is following: "The above reduction to apply on year 1881."

In the lease the owner Hart reserved the right to sell said farm, and to terminate the lease on the first day of April of any year "for this reason." The referee allowed the defendant to prove that the several indorsements were made by and with the consent of the lessor, and to read them in evidence, and held that the rent was "reduced" to $560 per year, instead of being $660 per year.

The court at General Term said: "The question presented here is whether such rulings were erroneous, as plaintiff duly excepted to them. There was parol evidence tending to show that all of the several indorsements were made for the purpose of reducing the rent to $560, in each of the several years after the first year.

"It must be borne in mind that the lease did not fix an absolute term. The words of the lease gives the lessor a right to sell the farm, and terminate the lease each year for that reason, and it also provided that the terms of the lease in other respects should be for 'two, three or five years from the 1st of April, 1877, *as the parties may elect.*'

"We are inclined to the opinion that the instruments indorsed must be regarded as renewals, each respective year of the terms of the lease, with the modification named, and that the parties in making their election for a continuance of lease incorporated into the indorsements the terms of the lease, as thus modified. (*Evans* v. *Thomson*, 5 East., 189; *Lattimore* v. *Harsen*, 14 John., 330; *Van Hagen* v. *Van Rensselaer*, 18 id., 420.)

"In *Nicoll* v. *Burke* (78 N. Y., 585), MILLER, J., says: 'The receipts showed, and there was a verbal agreement, that the rent for the future should be reduced two hundred dollars, and this was

a modification of an executory parol contract, which was valid and lawful.' 'Both parties acted under this arrangement, and it was executed and carried into effect. The defendant occupied, and the plaintiff received the rent, according to the altered terms of the contract. It is no answer to say that the receipt in full was not conclusive, or that the rent was not promptly paid, for the contract was executed.'

"In the case in hand it appears, by evidence, that Childs, the assignor of Hart, settled and adjusted with defendant under the assumption that the rent was five hundred and sixty dollars per year, after the first year. The referee did not err in admitting the indorsements upon the lease and giving effect to them. He has found, as a question of fact, that the defendant had fully paid the rent and is not indebted. There was evidence warranting the finding. The appellant cites and relies upon *Coe* v. *Hobby* (72 N. Y., 148). There the agreement was verbal and executory, and Judge ALLEN says : 'If the evidence is examined it will be seen that there was no agreement by parol upon any consideration to reduce the rent proved.' That case differs from the one here, as the parties had not fixed upon absolute terms. The lessor had reserved the right to terminate at the end of each year, and the parties had an option as to whether the lease 'shall be for two, three or five years from the 1st of April, 1877, as the parties may elect.' "

*Avery & Merry*, for the appellant.

*J. R. Shea*, for the respondent.

Opinion by HARDIN, P. J.; BOARDMAN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.